UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| BRIGGS ALEXANDER, *et al.*, | CASE NO. 5:24-CV-107-KKC |
| Plaintiffs, | |
| V. | OPINION & ORDER |
| UNIVERSITY OF KENTUCKY, *et al.*, | |
| Defendants. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on defendant Lars Jorgensen's motion to dismiss (DE 39), plaintiff Jane Doe's motion to proceed pseudonymously (DE 45), and defendant University of Kentucky's motion for leave to file a sur-reply (DE 54).

## I.    Factual Background

Plaintiffs Briggs Alexander[1] and Jane Doe are two former collegiate swimmers and coaches of the University of Kentucky's Swimming and Diving Program. Lars Jorgensen was the head coach of the University's program during the plaintiffs' tenures as both athletes and coaches.

The plaintiffs allege Jorgensen made a series of nonconsensual sexual advances upon them. During her time working as a coach for the University's swim team, Alexander alleges Jorgensen raped her in December 2019, March 2020, Spring 2020, and December 2021. After resigning from coaching in 2022, Alexander claims one additional instance of nonconsensual sexual contact with Jorgensen. Alexander claims that on April 13, 2023, Jorgensen sexually

---

[1] In the complaint, Alexander indicates he now identifies as a male and uses male pronouns. At the time of most of the allegations, however, Alexander explains that he identified as a female. Thus, in his filings, Alexander refers to himself with male pronouns when referring to his present self and refers to himself with female pronouns when referring to his past female-self. With this in mind, the Court will attempt to follow the plaintiff's desired pronouns at all times.

assaulted him. During her time working as a coach for the University's swim team, Doe claims Jorgensen engaged in nonconsensual sexual contact with her on December 28, 2022.

The plaintiffs filed this lawsuit on April 12, 2024, naming Jorgensen as a defendant in his individual capacity. The plaintiffs' claims against Jorgensen include 42 U.S.C. § 1983 claims and related state law claims for negligence, battery, and intentional infliction of emotional distress.

## II.    Motion to proceed pseudonymously

As an initial matter, Jorgensen argues that Doe has not followed the proper procedure to proceed pseudonymously and that, as a result, her claims should be dismissed. Ordinarily, a complaint must state the names of all parties. Fed. R. Civ. P. 10(a). The Court may, however, excuse a plaintiff from identifying themselves in certain circumstances. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Requesting a protective order during the beginning stages of litigation is "ordinarily" how a plaintiff proceeds pseudonymously. *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005) [hereinafter *Citizens*]. However, failure to do so is not fatal to a plaintiff's case unless a plaintiff completely fails "to seek permission to proceed under a pseudonym[.]" *Id*. at 637.

Here, Doe filed her complaint under a pseudonym. At the time Jorgensen filed his motion to dismiss, however, she had not requested permission to proceed pseudonymously. Jorgensen's motion pointed out the deficiency. Immediately thereafter Doe filed a motion requesting permission to proceed pseudonymously—filing the motion requesting permission at the same time she filed her response to Jorgensen's motion to dismiss. To be clear, Jorgensen does not argue the merits of allowing Doe to proceed pseudonymously. Rather, Jorgensen argues that Doe has not followed the proper procedure for proceeding pseudonymously, and, as a result, the Court lacks jurisdiction over Doe's claims.

2

Sixth Circuit precedent does not support Jorgensen's position. He cites *Citizens* to support the proposition that a plaintiff must request a protective order initially or face dismissal when proceeding anonymously. 123 F. App'x at 636. In *Citizens*, however, the court merely held that seeking a protective order is "ordinarily" how an anonymous plaintiff proceeds and that only a "[f]ailure to seek permission to proceed under a pseudonym," at any point is "fatal to an anonymous plaintiff's case[.]" *Id* at 637. Here, Doe has clearly sought permission to proceed under a pseudonym, albeit only after Jorgensen pointed out the error. (DE 45.) Thus, Doe's failure to initially request a protective order is not fatal to her case.

Moreover, Jorgensen has failed to demonstrate how Doe seeking permission to proceed under a pseudonym at this stage is prejudicial. The only potential prejudice Jorgensen suggests concerns his ability to prepare a sufficient defense without knowing Doe's true identity. But Doe represents to the Court that her counsel will work with Jorgensen's counsel "to craft an appropriate protective order," which will allow, "the disclosure of Plaintiff's identity to defense counsel and appropriate party representatives[.]" (DE 45 at 3.) Accordingly, the Court finds that Jorgensen has failed to demonstrate how Doe seeking permission to proceed under a pseudonym at this stage is prejudicial.

Having found Doe's failure to request a protective order at the outset is not fatal to her case, the Court will consider the merits of her motion to proceed pseudonymously. To "determine whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings," the Court considers:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Porter*, 370 F.3d at 560 (citations omitted). Doe argues that proceeding under a pseudonym is warranted in this case "because this litigation will involve the disclosure of stigmatizing sexual information, including sexual assault." (DE 45 at 2.)

The Court finds that Doe's privacy interests substantially outweigh the presumption of open judicial proceedings. Prosecution of her case will require disclosure of highly personal and potentially stigmatizing information. Moreover, as noted above, Jorgensen seemingly does not dispute the merits of Doe's request to proceed under a pseudonym. While Jorgensen takes issue with the procedure utilized by Doe in his motion to dismiss, Jorgensen did not file a response to Doe's motion to proceed under a pseudonym. According to the Court's local rules, "[f]ailure to timely respond to a motion may be grounds for granting the motion." LR 7.1(c). Thus, for these reasons, the Court will grant Doe's motion to proceed pseudonymously.

### III.    Motion to dismiss

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the "factual allegations in the complaint must be regarded as true." *Scheid v. Fanny Farms Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983)). At the pleading stage, Rule 8(a)(2) requires only a short and plain statement which shows that the pleader is entitled to relief and which gives the defendant notice of the claims and the grounds upon which they rest. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, the factual claims in the complaint "must be enough to raise a right to relief above the speculative level." *Id*. Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

#### a.  Whether the plaintiffs' § 1983 claims are time barred.

In his motion to dismiss, Jorgensen first argues the plaintiffs' § 1983 claims are time barred. The appropriate statute of limitations in § 1983 actions is the state statute of limitations for personal injury actions under the law of the state in which the action arises.

*Eidson v. State of Tennessee Department of Children's Services*, 510 F.3d 631 (6th Cir. 2007) (citing *Kuhnle Bros., Inc. v. County of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997)). The Supreme Court has clarified that when a state has "multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 251 (1989).

The parties dispute which of Kentucky's statute of limitations applies to the plaintiffs' § 1983 claims. Jorgensen argues that Kentucky's general personal injury statute of limitations (KRS § 413.140(1)(a), one-year statutory period) applies while the plaintiffs argue that Kentucky's statute of limitations tailored to sexual offense claims (KRS § 413.2485, five-year statutory period) applies. Given the Supreme Court's directive in *Owens*, the Court must apply Kentucky's general personal injury statute of limitations, KRS § 413.140(1)(a). The approach suggested by the plaintiffs was unanimously rejected by the Supreme Court in *Owens*. The Court in *Owens* reasoned that a rule allowing plaintiffs to analogize their § 1983 claims with state-law claims, and therefore corresponding state-law statutes of limitations, previously bred "confusion" and "time-consuming litigation" and is thus "manifestly inappropriate." *Owens*, 488 U.S. at 240–43. Accordingly, the Court will determine whether each of the plaintiffs' § 1983 claims are time barred by applying KRS § 413.140(1)(a).

### i. Jane Doe's § 1983 claims

Doe's § 1983 claims are premised on her allegation that Jorgensen violated her constitutional right to substantive due process by sexually assaulting, abusing, and molesting her (Count III) and violated her right to equal protection by intentionally discriminating against her based on her sex (Count IV), while acting under color of state law.

"Although the statute of limitations turns on state law, the question of when a § 1983 claim accrues to trigger the statute turns on federal law." *Dibrell v. City of Knoxville,*

*Tennessee*, 984 F.3d 1156, 1161–62 (6th Cir. 2021). The Sixth Circuit has embraced two federal rules regarding accrual but has yet to definitively adopt one or the other. *Id*. at 1162. Under the "standard" accrual rule, "the limitations period [starts] 'when the plaintiff has a complete and present cause of action' that can be raised in court." *Id*. (quoting *Rotkiske v. Klemm*, 589 U.S. 8, 13 (2019)). Under the "discovery" rule, the limitations period starts "when the plaintiff discovered (or should have discovered) the cause of action." *Id*. (citation omitted).

Here, under either rule, Doe's § 1983 claims accrued, at the latest, on December 28, 2022. That date marks the most recent relevant conduct forming the basis of Doe's § 1983 claims against Jorgensen, on which Doe alleges Jorgensen sexually assaulted her. (DE 11 at 46–48, 73–80.) On that date, Doe both had a complete cause of action and had discovered it. Thus, the Court finds that Doe's § 1983 claims accrued on December 28, 2022. Applying the one-year limitations period pursuant to KRS § 413.140(1)(a) to that accrual date, Doe had until December 28, 2023 to file her § 1983 claims against Jorgensen. Her complaint, however, was not filed until April 12, 2024. Accordingly, because the most recent conduct that forms the basis of Doe's § 1983 claims occurred more than one year before her lawsuit was filed, the claims asserted by Doe in Counts III and IV of the complaint are dismissed.

### ii.  Briggs Alexander's § 1983 claims

Like Doe's claims, Alexander's § 1983 claims are premised on his allegation that Jorgensen violated his constitutional right to substantive due process by sexually assaulting, abusing, and molesting him (Count III) and violated his right to equal protection by intentionally discriminating against him based on sex (Count IV), while acting under color of state law.

The accrual date for Alexander's § 1983 claims does not change based on the application of either the "standard" or "discovery" rule. Alexander's § 1983 claims accrued, at the latest, on April 13, 2023. That date marks the most recent relevant conduct forming the

basis of Alexander's § 1983 claims against Jorgensen, on which Alexander alleges Jorgensen sexually assaulted him. (DE 11 at 38–39, 73–80.) On that date, Alexander both had a complete cause of action and had discovered it. Thus, the Court finds that Alexander's § 1983 claims accrued on April 13, 2023. Applying the one-year limitations period pursuant to KRS § 413.140(1)(a) to that accrual date, Alexander had until April 13, 2024, to file his § 1983 claims against Jorgensen. Alexander's complaint was filed on April 12, 2024, one day before the close of the limitations period. Thus, Alexander's § 1983 claims are not time barred.

The one-year statute of limitations does, however, prohibit Alexander from recovering for any § 1983 claim that was complete or that he knew about before April 13, 2023. Alexander cannot sidestep this limitation by relying on the continuing violation doctrine. Alexander argues that pre-April 13, 2023 instances of sexual abuse and harassment should be permitted to form the basis of his § 1983 claims because those claims "continued to accrue as part of a continuing violation." (DE 46 at 4.)

While the Sixth Circuit has recognized that the continuing violation doctrine can apply to § 1983 claims, it has also recognized that the doctrine "rarely applies to § 1983 claims[.]" *Howell v. Cox*, 758 F. App'x. 480, 485 (6th Cir. 2018). This case does not present one of the rare situations. This is because the continuing violation doctrine does not apply to discrete constitutional claims that, while maybe related to non-time-barred claims, are separately actionable. *Baar v. Jefferson Cnty. Bd. of Educ.*, 311 F. App'x 817, 824 (6th Cir. 2009). In the context of § 1983 claims involving allegations of sexual abuse brought against an individual acting under color of state law, at least one district court in this circuit has found that such cases involve "isolated incidents" to which the continuing violation doctrine does not apply. *See Kohler v. City of Wapakoneta*, 381 F. Supp. 2d 692, 710 (N.D. Ohio 2005).

Here, the Court finds that all of Jorgensen's conduct occurring before April 13, 2023 that Alexander argues is actionable under § 1983 is time barred. All Alexander's allegations

regarding Jorgensen's conduct occurring before April 13, 2023 pertain to discrete incidents which are separately actionable constitutional claims. For example, Alexander alleges Jorgensen forcibly raped her on four occasions, each of which occurred outside the limitations period. (DE 11 at 31–36.) These incidents are the type of "discrete events that are easily identifiable and separately actionable," to which the Sixth Circuit has declined to apply the continuing violation doctrine. *Atkins v. Corr. Officer Russell Savoie*, No. 23-1046, 2023 U.S. App. LEXIS 15815, at *6-7 (6th Cir. June 22, 2023).

Arguing for the application of the continuing violation doctrine, Alexander suggests that his claims against Jorgensen "arise out of a hostile environment." (DE 46 at 5.) Alexander then cites Sixth Circuit caselaw confirming the applicability of the continuing violation doctrine to such "hostile environment" claims. (*Id.*) (citing *Jackson v. Quanex Corp.*, 191 F.3d 647, 667 (6th Cir. 1999)). In this case, however, Alexander's complaint makes allegations regarding a hostile environment against the University of Kentucky, not Jorgensen. (DE 11 at 68–72.) And this makes sense, as only employers, and not supervising employees like Jorgensen, can be charged with hostile environment claims under applicable statutes. *See Wathen v. General Elec. Co.*, 115 F.3d 400 (6th Cir. 1997). Accordingly, the cases cited by Alexander do not support his position because they pertain to a theory of liability neither applicable to Jorgensen nor alleged against him in the complaint.

To summarize, the Court finds that Alexander's § 1983 claims are not time barred to the extent they are based on the alleged sexual assault that occurred on April 13, 2023. However, the Court also finds that the continuing violation doctrine is inapplicable to Alexander's § 1983 claims and thus bars Alexander from continuing to base his § 1983 claims on pre-April 13, 2023 allegations.

### b. Whether Jorgensen was acting under color of law at the time of the April 13, 2023, sexual assault of Alexander.

Having found that Alexander's § 1983 claims are not time barred to the extent they are based on the April 13, 2023 sexual assault, the Court turns to Jorgensen's argument that Alexander has not alleged a viable claim under Section 1983. To state a viable claim under Section 1983, a plaintiff must allege: "(1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014). Here, Jorgensen argues that he was not acting under color of law during the April 13, 2023 sexual assault that serves as the basis for Alexander's § 1983 claims.

Only persons who act "under color of law" can be sued for violations of rights under Section 1983. An individual acts "under color of law" when they "exercise power possessed by virtue of state law and made possible only because [they] [are] clothed by authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted). In contrast, "the acts of state officials 'in the ambit of their personal pursuits' do not constitute state action." *Waters v. City of Morristown, TN*, 242 F.3d 353, 359 (6th Cir. 2001) (quoting *Screws v. United States*, 325 U.S. 91, 111 (1945)). In *Waters*, for example, the court held that a city alderman's harassing and abusive conduct toward his employee was not action taken under the color of state law since the alderman's "actions were taken in pursuit of his personal relationship with [the plaintiff] and were wholly unrelated to his position as" an official. *Id*. at 358. The holding in *Waters* is just one example of the well-established principle that actions taken by officials in their private lives, no matter how wrongful, are not actionable under Section 1983. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) ("the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how

9

discriminatory or wrongful[,]") (internal quotations omitted) (citing *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948))).

Jorgensen acted under color of state law anytime he exercised power possessed only by virtue of his being a coach at a public university. *See Doe v. Claiborne Cnty., Tenn. By & Through Claiborne Cnty. Bd. of Educ.*, 103 F.3d 495, 511 (6th Cir. 1996). However, at the time of the April 13, 2023 sexual assault that serves as the basis for Alexander's § 1983 claims, Jorgensen was neither coaching Alexander as an athlete nor supervising Alexander as an employee in his capacity as a coach. The complaint clearly indicates that Alexander's athletic career under Jorgensen concluded in 2018, and his coaching career under Jorgensen ended in 2022. Thus, at the time of the April 13, 2023 sexual assault, none of Jorgensen's state-granted authority could have had any impact on his interactions with Alexander. Rather, Jorgensen's actions, much like that of the alderman in *Waters*, were taken pursuant to his personal pursuit of Alexander and were wholly unrelated to his position as an official. Thus, because merely private conduct, no matter how wrongful, is not actionable under Section 1983, Alexander's § 1983 claims must be dismissed.

### c. Whether the plaintiffs' state claims are time barred.

Jorgensen finally argues the plaintiffs' state law claims against him are time barred. The plaintiffs' state law claims include allegations that Jorgensen was negligent (Count VI), battered them (Count IX), and intentionally inflicted emotional distress on them (Count X). Those claims are all based on allegations that Jorgensen sexually assaulted and harassed the plaintiffs in a variety of ways.

The parties once again dispute which statute of limitations applies to the plaintiffs' claims. Jorgensen continues to argue that Kentucky's general personal injury statute of limitations (KRS § 413.140(1)(a), one-year statutory period) applies while the plaintiffs continue to argue that Kentucky's statute of limitations tailored to sexual offense claims

10

(KRS § 413.2485, five-year statutory period) applies. For the following reasons, the Court finds that the five-year limitations period prescribed by KRS § 413.2485 applies.

Though in effect since 2017, there is a dearth of caselaw pertaining to KRS § 413.2485. The statute has been referenced in three decisions since its effective date but has never been applied to a plaintiff's state law claims. *See Smith v. Tyler*, 529 F. Supp. 3d 708, 714–15 (W.D. Ky. 2021) (finding § 413.2485 inapplicable to plaintiff's § 1983 claims); *Doe V v. Louisville Metro Police Dep't*, No. 2019-CA-0210-MR, 2021 WL 5264014 (Ky. Ct. App. Nov. 12, 2021) (§ 413.2485 mentioned without analysis); *Gaeta v. Louisville Metro Police Dep't*, No. 2019-CA-1810-MR, 2021 WL 5264185 (Ky. Ct. App. Nov. 12, 2021) (§ 413.2485 mentioned without analysis). Thus, there is no relevant caselaw to guide the Court's analysis.

In the absence of guidance from caselaw, the Court turned to the plain language of the statute to determine the applicability of KRS § 413.2485 to the plaintiffs' state law claims. The statute provides a five-year limitations period for civil claims arising from injuries "suffered as a result of an act or series of acts against a person eighteen (18) years old or older that meets the criteria of [Kentucky's sexual offense statutes]." This plain language indicates to the Court that, where a plaintiff's civil claims meet the criteria of one of Kentucky's sexual offense statutes, KRS § 413.2485's five-year limitations period applies.

In this case, the plaintiffs allege that Jorgensen's conduct meets the criteria for several of Kentucky's sexual offense statutes, including the statutes for sexual misconduct,[2] sexual abuse in the first degree,[3] and sexual abuse in the third degree.[4] (DE 46 at 3.) Each of the sexual offenses identified by the plaintiffs require proof of varying degrees of nonconsensual sexual contact. KRS § 510.140 ("A person is guilty [when] . . . he engages in

---

[2] KRS § 510.140
[3] KRS § 510.110(1)(a)
[4] KRS § 510.130

sexual intercourse . . . with another person without the latter's consent"); KRS § 510.110(1)(a) ("A person is guilty [when] . . . he or she subjects another person to sexual contact by forcible compulsion[.]); KRS § 510.130 ("A person is guilty . . . when he or she subjects another person to sexual contact without the latter's consent."). In their complaint, both Doe and Alexander specifically claim that they were victim to varying degrees of nonconsensual sexual contact from Jorgensen. Assuming, as the Court must at this stage, that the allegations in the complaint are true, the plaintiffs' state law claims would meet the criteria of at least one, and potentially several, of Kentucky's sexual offense statutes. For example, sexual abuse in the third degree (KRS § 510.130) merely requires proof that a defendant subjected another person to nonconsensual sexual contact. The plaintiffs' complaint alleges such contact in spades. Accordingly, the Court finds that the five-year limitations period prescribed by KRS § 413.2485 applies.

KRS § 413.2485 provides that claims falling under that section shall be brought at the latest of the following periods:

(a) Within five (5) years of the act or the last of a series of acts by the same perpetrator;
(b) Within five (5) years of the date the victim knew, or should have known, of the act;
(c) Within five (5) years upon knowledge or identity of the perpetrator; or
(d) Within five (5) years of the conviction of a civil defendant for [one of Kentucky's sexual offense statutes].

§ 413.2485(a)–(d). Here, the latest period for both plaintiffs would be the date of "the act or last of a series of acts by the same perpetrator." § 413.2485(a).

For Doe, the last act giving rise to her claims occurred on December 28, 2022. For Alexander, the last act giving rise to his claims occurred on April 13, 2023. Applying the five-year limitations period prescribed by KRS § 413.2485, Doe had until December 28, 2027 to file her claims, and Alexander had until April 13, 2028 to file his claims. Both plaintiffs' claims were filed comfortably within their respective limitation periods on April 12, 2024.

Accordingly, the plaintiffs' state law claims against Jorgensen (Counts IV, IX, and X) are not time barred.

**IV.    Motion for leave to file a sur reply**

The University moves for leave to file a sur-reply regarding Jorgensen's motion to dismiss. (DE 54.) For the following reasons, the University's motion is denied.

The standards for granting leave to file a sur-reply are well established. "Although the Federal Rules of Civil Procedure do not expressly permit the filing of sur-replies, such filings may be allowed in the appropriate circumstances, especially 'when new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated.'" *Key v. Shelby Cnty.*, 551 F. App'x 262, 265 (6th Cir. 2014) (quoting *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003)).

The typical situation where a sur-reply is permitted is where a nonmoving party is afforded an opportunity to respond to new arguments or new evidence included for the first time in a reply brief. Here, the University's request is far from this ordinary situation. The University has requested an opportunity to respond to the *plaintiffs' response* filed in response to a co-defendant's motion to dismiss. To be clear, that co-defendant, Jorgensen, had the opportunity to and did file a reply to the plaintiffs' response. Notwithstanding, the University argues that it is entitled to file a sur-reply because the plaintiffs' arguments made in response to Jorgensen's motion are "contrary to Sixth Circuit precedent," and because "this Court's conclusions [with respect to the issues addressed in the motion to dismiss] may have implications for the University's defenses[.]" (DE 54 at 1.)

The Court, exercising its discretion, finds the University's proposed sur-reply is unwarranted. The University does not explain how or why Jorgensen's opportunity to respond to the plaintiffs' arguments in *his* reply brief was not sufficient to oppose the plaintiffs' positions. Moreover, the University cites no authority suggesting that a co-

defendant is entitled to file a sur-reply in a situation where the parties are postured as they are in this case. Simply put, one defendant (Jorgensen) had an opportunity to reply to the plaintiffs' response, and the University's sur-reply would merely echo the arguments Jorgensen made in his reply brief. Thus, because granting motions for leave to file a sur-reply is a generally "highly disfavored," practice, the Court will deny the University's motion for leave to file a sur-reply. *Walden v. Gen. Elec. Int'l, Inc.*, 119 F.4th 1049, 1056 (6th Cir. 2024) (citations omitted).

### V.    Conclusion

For the foregoing reasons, the Court hereby ORDERS that

1. defendant Lars Jorgensen's motion to dismiss (DE 39) is GRANTED in part and DENIED in part as follows:

    a. GRANTED as to the claims asserted by Doe against Jorgensen in Counts III and IV of the complaint, the Court having found the claims time barred;

    b. GRANTED as to the claims asserted by Alexander against Jorgensen in Counts III and IV of the complaint, the Court having found Jorgensen was not acting "under color of law" during the event giving rise to Alexander's claims; and

    c. DENIED as to the claims asserted by the plaintiffs against Jorgensen in Counts VI, IX, and X of the complaint, the Court having found the claims timely;

2. plaintiff Jane Doe's motion to proceed pseudonymously (DE 45) is GRANTED; and

3. defendant University of Kentucky's motion for leave to file a sur-reply (DE 54) is DENIED.

4. As a result of this opinion and the orders entered on October 15, 2024, and November 7, 2024, the remaining claims in this action are: Count I (plaintiffs v. University of Kentucky); Count II (plaintiffs v. University of Kentucky); Count III (plaintiffs v.

Barnhart); Count IV (plaintiffs v. Barnhart); Count VI (plaintiffs v. Jorgensen and

Barnhart); Count IX (plaintiffs v. Jorgensen); and Count X (plaintiffs v. Jorgensen).

    This 18th day of February, 2025.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY